IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-470-BO

HARI HARA PRASAD NALLAPATY; )
UTS HOLDINGS, LLC; and JUSTH )
HOLDINGS, LLC, )
                                        )
          Plaintiffs, )
                                        )
v. )          O R D E R
                                        )
VAMSI MOHAN NALLAPATI; )
NALLAPATI PROPERTIES LLC; VINAY )
BHARADWAJ; and ROHIT GANGWAL, )
                                        )
          Defendants. )

This cause comes before the Court on motions to dismiss plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants Vinay Bharadwaj and Rohit Gangwal as well defendants Vamsi Mohan Nallapati and Nallapati Properties, LLC. Plaintiffs have responded to the motions, defendants have replied, and the matters are ripe for ruling.

## BACKGROUND

Plaintiff Hari Hara Prasad Nallapaty (hereinafter Prasad) filed this suit against his cousin, Vamsi Mohan Nallapati (Vamsi) to complete the winding up of a partnership between the two which has dissolved. Prasad alleges that Vamsi has failed and refused to account to Prasad for all remaining partnership assets and proceeds and provide Prasad the fifty-percent share he is owed.

As alleged in the amended complaint, in the 1990s, Prasad and Vamsi worked at a granite company in India and formed a close bond. [DE 45] Amd. Compl. ¶ 19. Vamsi later moved to the

United States, and in 2005 the cousins identified wholesale distribution opportunities for imported natural stone. *Id.* ¶ 20. Prasad and Vamsi formed a business together called Cosmos Granite and Marble (Cosmos Granite) which they agreed would be a fifty-fifty partnership. *Id.* ¶ 21. Vamsi contributed start-up cash and Prasad contributed material and credit for Cosmos Granite's first location in Raleigh, North Carolina. *Id.* Vamsi resided in North Carolina and Prasad remained in India. *Id.* ¶ 24. Their business later expanded to locations in Greensboro, Nashville, Atlanta and elsewhere. *Id.* ¶ 25. As the "on-the-ground" partner, Vamsi set up legal entities related to the business and carried out day-to-day operations. *Id.* ¶ 24. In 2009, Vamsi and Prasad's partnership acquired partial ownership in an existing stone business in Charlotte, North Carolina called Vivid NC. *Id.* ¶ 27. Vivid NC was subsequently converted to a Cosmos Granite business. *Id.*

Vamsi created NVM International, Inc. (NVM), as the legal entity through which the Raleigh Cosmos Granite location conducted business. *Id.* ¶ 25. This business was referred to by Vamsi and Prasad as "East." *Id.* Although Vamsi was the sole shareholder of NVM, Vamsi and Prasad understood that each was a fifty percent owner of East during the time periods relevant to Prasad's claims. *Id.* ¶ 26. Vamsi set up an entity called NC LLC as the legal entity to hold Vamsi's and Prasad's partnership interests in Vivid NC. *Id.* ¶ 27. Vamsi set up NC LLC such that Prasad and Vamsi each owned fifty percent of its membership interest on paper. *Id.*

Some, but not all, of the various Cosmos Granite businesses were later combined through a "roll up" transaction effective January 1, 2015, wherein Vamsi and Prasad expressly agreed that they would each receive fifty percent credit for the contribution of East and its assets to the holding company, despite the fact that Vamsi was the sole shareholder of NVM on paper. *Id.* ¶ 29. According to Prasad, the net effect of the roll up transaction was that Prasad owned approximately

2

fifty percent of the business under the holding company structure and Vamsi owned about thirty percent. *Id.* ¶ 31. Vivid NC was not included in the roll up transaction. *Id.* ¶ 32.

Vamsi also arranged for the partnership to acquire and hold real estate relating to East's business, including the purchase of East facilities in Raleigh in 2010, Greensboro in 2013, and Atlanta in 2014 with proceeds from East's business. *Id.* ¶¶ 34-35. These assets were held in Nallapati Properties, a limited liability company of which Vamsi was the sole member. *Id.* ¶ 37. Prasad contends that Vamsi has acknowledged that Nallapati Properties is owned by Vamsi and Prasad as fifty/fifty partners.

In approximately May 2016, Vamsi established a new Cosmos Granite location in Dallas, Texas using cash and material from Vivid NC and the Charlotte location. *Id.* ¶ 43. Vamsi created Vivid TX as the legal entity to hold the Dallas location and its assets, with NC LLC holding a twenty-five percent membership interest, Prasad holding a twenty-five percent membership interest indirectly through Justh Holdings, LLC, and defendants Vinay and Rohit each holding a twenty-five percent interest. Prasad alleges he has been unable to collect financial information about Vivid TX, despite the fact that, as Prasad contends, Vamsi's twenty-five percent membership interest in Vivid TX is inconsistent with the ownership on paper, in which NC LLC's interest, whose interest Vamsi attributes to himself, is owned as a fifty-fifty partnership between Prasad and Vamsi.

Beginning in late 2015, Prasad and Vamsi began to discuss terminating and winding down their Cosmos Granite partnership. A number of disputes arose, but by January 2019 the two had terminated their partnership. *Id.* ¶ 55. Prasad and Vamsi have successfully separated their interests addressed by the roll up transaction pursuant to a January 2019 settlement agreement, but they have been unable to separate their interests with respect to their assets held in Nallapati Properties

3

and NC LLC. *Id.* ¶¶ 56-58. Prasad alleges that Vamsi has prevented the winding up of the partnerships with respect to these entities and further that Vamsi has orchestrated transactions with respect to Vivid NC and Vivid TX that were intended to deprive Prasad of the fair value of his partnership interest in those entities. *Id.* ¶ 59. Prasad further alleges that Vamsi, Vinay, and Rohit have conspired to take for themselves the value of Prasad's interest in Vivid NC as well as to freeze Prasad out of Vivid TX for less than the fair value of his interests.

Prasad alleges claims against the defendants under North Carolina and Texas law for, *inter alia*, breach of contract, breach of fiduciary duties, constructive fraud/constructive trust, and for an accounting.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

The Court has considered the claims in light of the applicable standard at determines that plaintiffs have plausibly alleged their claims. The Court declines to dismiss the amended complaint at this stage of the proceeding.

## CONCLUSION

Accordingly, the motions to dismiss [DE 55 & 58] are DENIED.

SO ORDERED, this 29 day of September, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE