IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-470-BO

HARI HARA PRASAD NALLAPATY,       )
UTS HOLDINGS, LLC, and JUSTH      )
HOLDINGS, LLC,                    )
                                  )
        Plaintiffs,               )
                                  )
v.                                )    ORDER
                                  )
VAMSI MOHAN NALLAPATI,            )
NALLAPATI PROPERTIES, LLC,        )
ROHIT GANGWAL, and VINAY          )
BHARADWAJ,                        )
                                  )
        Defendants.               )

This matter comes before the court on the Motion to Compel Discovery [DE-108] filed by Defendants Vamsi M. Nallapati ("Vamsi") and Nallapati Properties, LLC ("Nallapati Properties") (altogether "Vamsi Parties"). The Vamsi Parties seek an order to compel responses to its written discovery requests served on Plaintiffs Hari Hara Prasad Nallapaty ("Prasad"), UTS Holdings, LLC ("UTS"), and Justh Holdings, LLC ("Justh") (altogether "Prasad Parties").[1] Responsive briefing has been filed. [DE-113]. For the reasons set forth below, the motion to compel is allowed in part and denied in part.

---

[1] UTS is a Georgia limited liability company, the ownership of which is divided between Prasad and two other members, all of whom are citizens of India and none of whom is a citizen of North Carolina. First Am. Compl. [DE-45] ¶10. UTS is alleged to have an ownership interest in Nallapati Properties. *Id.* ¶¶ 75, 77–79, 80. Justh is a limited liability company organized under the laws of Delaware with its principal place of business in Washington, the ownership of which is divided between Prasad and two other members, all of whom are citizens of India and none of whom is a citizen of North Carolina or Texas. *Id.* ¶ 11. Prasad alleges he held a 25% interest in Vivid TX through Justh and was a partner with Vamsi in Vivid TX through this holding company. *Id.* ¶¶ 43, 44, 98, 101.

## I. BACKGROUND

The claims in this case stem from the alleged refusal of Defendant Vamsi to comply with fiduciary duties arising from an alleged business partnership with Prasad. First Am. Compl. [DE-45] ¶ 2. Plaintiffs allege that although the partnership is dissolved, Vamsi has failed and refused to complete the winding-up of partnership assets and to provide Prasad with his 50% partnership share. *Id.* ¶¶ 56, 59. In particular, Plaintiffs allege Vamsi has refused to account for partnership assets in Defendant Nallapati Properties and Cosmos Granite & Marble, NC, LLC ("NCLLC").[2] *Id.* ¶¶ 59, 60–86. According to Plaintiffs, Vamsi and/or Nallapati Properties continue to retain property and assets belonging to Prasad by virtue of the former alleged partnership and have excluded him from information necessary to properly value his share of partnership interests. *Id.* ¶¶ 88–89. Plaintiffs allege that in December 2020 without notice to Prasad, Defendants Vamsi, Vinay, and Rohit orchestrated a "freeze-out" merger of Vivid TX to redeem Prasad's interest at an unfair price. *Id.* ¶¶ 7, 44, 52, 59, 98–105. Plaintiffs allege that in 2020 Defendants Vamsi, Vinay, and Rohit conspired to transfer substantially all assets of Vivid NC to a new entity controlled by them for less than fair value. *Id.* ¶¶ 59, 90–92, 96–97.

Where the complaint asserts a number of causes of action asserting entitlement to relief based on an alleged partnership between Prasad and Vamsi, the existence of a partnership is central to Plaintiffs' claims. *See id.* ¶¶ 104–223. In response to written discovery, Plaintiffs have indicated that "the business relationship between Prasad and Vamsi was not memorialized in a formal written agreement. Rather, Prasad and Vamsi reached their partnership agreement orally, and it was reflected in their conduct and actions thereafter." Pls.' First Am. Resp. and Obj. to

---

[2] Plaintiffs allege Vamsi and Prasad formed NCLLC in 2005 as a 50/50 partnership. First Am. Compl. [DE-45] ¶¶ 20–22. NCLLC held membership interests in Vivid Cosmos Granite, LLC (a North Carolina LLC) ("Vivid NC") and Vivid Cosmos Granite, LLC (a Texas LLC) ("Vivid TX"). *Id.* ¶ 4. The complaint alleges Vivid NC is a partnership asset and that Vivid TX may have been a partnership asset. *Id.* ¶¶ 27, 33, 43–44.

Defs.' First Set of Interrogs. [DE-109] at 7; *see also* First Am. Compl. [DE-45] ¶¶ 20–31 (allegations where evidence of partnership is conduct of Prasad and/or Vamsi or their mutual understanding, rather than a written agreement).

The Vamsi Parties seek an order compelling the Prasad Parties to produce documents in response to the following requests:

> 14. All tax records of or relating to either of Plaintiffs in any country from 2005 through the present date, including without limitation any such records that you contend disclose or otherwise suggest the existence of the alleged 50/50 partnership between Vamsi and Prasad.

[DE-109-2] at 14.

> 42. All documents relating to or referencing the establishment of the alleged partnerships you contend Prasad formed with persons other than Vamsi in markets around the country, including Atlanta, Chicago, and Seattle, including without limitation all documents relating to or referencing the negotiation, execution, terms, formation, organization, ownership, governance, and management of those alleged partnerships; all documents relating to or referencing distributions received directly or indirectly by Prasad from those alleged partnerships; and all documents relating to or referencing alleged investments or contributions by or on behalf of Prasad in those alleged partnerships.

[DE-109-3] at 10.

While it appears that some responsive documents have been produced, after conferring, the parties were unable to resolve their differences concerning these requests. [DE-109] at 2–3.

## II. DISCUSSION

Rule 26 provides the general rule regarding the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory or to produce or make available for inspection requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and

conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted).

**A.     Request No. 14.**

The Prasad Parties objected to this request, and initially refused to produce responsive documents, based on a number of boilerplate objections. [DE-109] at 2. Prior to the motion, however, the parties attempted to resolve their dispute and the Prasad Parties agreed to provide copies of Prasad's United States Federal and State income tax returns for 2009 through 2013. [DE-109-5]. The Prasad Parties declined to produce any further records, instead standing on their objections that the request is overly broad, unduly burdensome, and not reasonably limited in scope or time. *Id.* In their response brief, the Prasad Parties argue the request for tax records beyond what has been provided is irrelevant and beyond the scope of discovery. [DE-113] at 10. According to the Prasad Parties, most of the returns that have been produced were prepared by Vamsi's accountant and evidence the existence of an oral partnership agreement between Prasad and Vamsi to split profit and losses on a 50/50 basis. [DE-113] at 2. In essence, according to the Prasad Parties, the critical tax returns from 2005–2013 which evidence the 50/50 unwritten partnership have already been produced.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36(a). In other words, a partnership arises when individuals "combine their property, effects, labor, or skill in a common business or venture." *Johnson v. Gill*, 235 N.C. 40, 44, 68 S.E.2d 788, 792 (1952) (citation and quotation marks omitted). No formal agreement is required—a de facto partnership may exist if the parties' conduct demonstrates "a voluntary association of partners." *Best Cartage, Inc. v. Stonewall Packaging, LLC*, 219 N.C. App. 429, 438, 727 S.E.2d 291, 299 (2012). The courts of North Carolina have emphasized,

though, that "co-ownership and sharing of any actual profits are indispensable requisites for a partnership." *Id.* (quoting *Wilder v. Hobson*, 101 N.C. App. 199, 202, 398 S.E.2d 625, 627 (1990)). The filing of partnership tax returns is an important factor the court considers in determining whether an association is a partnership. *Dealers Supply Co., Inc. v. Cheil Industries, Inc.*, 348 F. Supp. 2d 579, 588 (M.D.N.C. 2004) (citing *In re Vannoy*, 176 B.R. 758, 765–67 (M.D.N.C. 1994); *see e.g.*, *Bohn v. Black*, 2019 WL 2341351, at *5, 2019 NCBC 34 (N.C. Super. June 3, 2019) ("There is also no evidence that any party, including Laurie, has ever filed a state or federal income tax return identifying the campground as a partnership, either before or after the business was incorporated. Indeed, it appears that Laurie has never reported income of any kind from the campground on her personal tax returns. This evidence, all undisputed, strongly suggests that no legal partnership existed.") (citations omitted); *La Familia Cosmovision, Inc. v. Inspiration Networks*, 2014 WL 5342583, at *6, 2014 NCBC 51 (N.C. Super. Oct. 20, 2014) ("Courts have considered a variety of circumstances as indicative of a partnership, including, among other things, the filing of a joint tax return . . . ."); *In re Brokers, Inc.*, 363 B.R. 458, 469 (M.D.N.C. 2007) ("The filing of a partnership tax return is significant evidence of the existence of a partnership") (citations omitted).

The requested tax records are relevant to a central issue in this case, the existence of a partnership between Prasad and Vamsi. The temporal and geographic scope of the request however appears to be at the heart of the parties' dispute. Where the complaint alleges the partnership was dissolved in 2019 and contains allegations of malfeasance occurring in 2020, the court finds the temporal scope of relevancy extends into 2020. Unexplained in the parties' briefing, however, is a reason why the court should compel disclosure of tax records filed in a jurisdiction outside the United States. This aspect of the request seems overly broad given the

claims in dispute and what the parties have learned through discovery thus far.[3] To the extent the responding parties challenge the request on the grounds that it seeks personal or confidential information beyond their boilerplate assertion, the court has reviewed the protective order entered in this case and is satisfied that it adequately addresses the confidentiality concerns expressed by the Prasad Parties in their earlier pre-motion correspondence and objections. Accordingly, the court allows the motion in part and directs the Prasad Parties to provide within 21 days of this order responsive documents corresponding to tax years 2005 through 2020, to the extent these documents have not already been produced.

**B.     Request No. 42.**

This request seeks documents related to other stone distribution partnerships Prasad claims he formed prior to 2015 in other parts of the United States. [DE-109] at 7. In support of this request, the Vamsi Parties argue that Prasad has stated that he established partnerships with persons other than Vamsi in other markets around the country by oral agreement and without a formal written agreement. *Id.* at 8. The Vamsi Parties argue that such documents will shed light on his pattern of behavior with respect to the formation and operation of stone businesses in the United States. *Id.* In particular, the Vamsi Parties contend that if Prasad adhered to the way legal entities were set up on paper with respect to other entities, rather than following an oral partnership agreement, that would be relevant to the credibility of his alleged assertions concerning the partnership alleged in this case. *Id.* For their part, the Prasad Parties respond that they have produced documents from three of Prasad's prior partnerships: Original Central, Original Atlanta, and a partnership involving Vamsi, Original West. [DE-113].

---

[3] For example, the Vamsi Parties point out that "if none of the Prasad Parties reported the alleged '50/50 partnership' as a partnership for tax purposes—*federally, in North Carolina, or in any other 'United States' jurisdiction* in which the partnership operated—then that would tend to provide that no such partnership existed." [DE-109] at 5 (emphasis added).

7

Case 5:20-cv-00470-BO    Document 172    Filed 04/07/22    Page 7 of 9

The court finds that the request is overly broad and seeks material not relevant to the claims or defenses asserted in this case, specifically, the assertion that the documents sought by the request concerning other partnership agreements would be probative of credibility concerning the partnership in this case seems tenuous. To the extent Defendants would describe these other agreements as contemporaneous conduct, relevant to the formation of a partnership agreement, it appears that the conduct described as "contemporaneous" is conduct directed to or contemporaneous with the agreement at issue. *See Perry v. Scruggs*, 17 F. App'x 81, 90 (4th Cir. 2001) (finding, under Virginia law, which, like North Carolina law, considers the conduct of the parties in determining whether a partnership exists, that the individuals' continued efforts to secure financing and potential partners *for the deal at issue* was inconsistent with the existence of a partnership agreement). The cases cited by the Vamsi Parties do not suggest otherwise. *See Kloke v. Pongratz*, 38 Cal. App. 2d 395, 404, 101 P.2d 522, 527 (1940) (finding the plaintiff's conduct was inconsistent with his belief that defendant was a co-partner where the plaintiff made no demand for payment *under the lease at issue*); *Woodmansee v. Peterson*, 160 Wash. App. 1024, 2011 WL 2279035, at *7 (2011) (affirming trial court's finding that one co-owner's failure to inform other co-owners *about the purchase and sale agreement at issue* was inconsistent with a claim of partnership). Indeed, as the Vamsi Parties have pointed out, the Prasad parties have claimed that "Prasad and Vamsi reached their partnership agreement orally, and it was reflected in their conduct and actions thereafter." Pls.' First Am. Resp. and Obj. to Defs.' First Set of Interrogs. [DE-109] at 7. The request seeks documents well beyond the boundaries of relevance and is overly broad.

8
Case 5:20-cv-00470-BO Document 172 Filed 04/07/22 Page 8 of 9

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to compel [DE-108] is allowed in part and denied in part as set forth herein, and Defendants are ordered to produce responsive documents corresponding to tax years 2005 through 2020, to the extent these documents have not already been produced, no later than 21 days from the date of this order.

So ordered, the  7  day of April, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge