IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-470-BO

HARI HARA PRASAD NALLAPATY; )
UTS HOLDINGS, LLC; and JUSTH )
HOLDINGS, LLC, )
 )
          Plaintiffs, )
 )
v. ) **ORDER**
 )
VAMSI MOHAN NALLAPATI; )
NALLAPATI PROPERTIES LLC; VINAY )
BHARADWAJ; and ROHIT GANGWAL, )
 )
          Defendants. )

This cause comes before the Court on a motion for summary judgment by defendants Vamsi Mohan Nallapati and Nallapati Properties LLC. Also pending are several motions to seal and two motions to compel. The appropriate responses and replies have been filed, and a hearing on the matters was held before the undersigned on September 9, 2022, at Greenville, North Carolina. In this posture, the matters are ripe for ruling. For the reasons that follow, the motions to compel are denied, the motions to seal are either granted in part or referred for disposition, and the motion for summary judgment is denied.

## BACKGROUND

Plaintiff Hari Hara Prasad Nallapaty (hereinafter Prasad) filed this suit against his cousin, Vamsi Mohan Nallapati (Vamsi) to complete the winding up of a partnership between the two which has dissolved. Prasad alleges that Vamsi has failed and refused to account to Prasad for all remaining partnership assets and proceeds and provide Prasad the fifty-percent share he is owed.

The following factual background is derived primarily from the undisputed facts submitted by the parties. [DE 179]. Vamsi moved to the United States in the early 2000s, but prior to that had lived in India and worked for DivyaShakti Granites, LTD (DSG), a natural stone product company. DSG was established by Prasad's family and his family are the majority shareholders. In 2005, Prasad and Vamsi entered into an oral agreement to be 50/50 partners in a new granite distribution business in Raleigh, North Carolina using the name Cosmos Granite and Marble (Original East). Vamsi formed the legal entities associated with the Cosmos granite business and managed the day-to-day affairs. This included defendant Nallapati Properties, which Vamsi formed to hold title to real estate purchased by Vamsi and Prasad. The materials provided to Cosmos came from DSG in India. Prasad remained in India and continued to work for both DSG and N.V. Rattaiah & Co., a developer of real estate in India. Prasad replaced his father as the managing director of DSG in 2013.

Beginning in 2007, Cosmos opened new locations in the United States, in cities such as Atlanta, Seattle, and Washington, D.C. In 2009, Vamsi organized Cosmos Granite and Marble NC, LLC (NC LLC). Also in 2009, through NC LLC, Prasad and Vamsi also became involved with a company called Vivid Granite and Marble, LLC (a North Carolina LLC) (Vivid NC).[1] Two of the three original owners of Vivid NC were defendants Vinay Bharadwaj (Vinay) and Rohit Gangwal (Rohit). Since approximately 2010, Vamsi has served as the manager of Vivid NC. The specifics of the parties' interest in Vivid NC is disputed.

Effective January 1, 2015, there was a roll-up transaction through which most of the existing businesses in which Prasad and Vamsi were involved in the United States, including Original East, were combined into a single holding company called CGM Group, with a parent

---

[1] Vivid Granite and Marble later became known as Vivid Cosmos Granite, LLC, but is still referred to herein as Vivid NC.

2

company called CGM Holdings, LLC. CGM Group became the 100% owner of the operating companies that had locations in Raleigh, Greensboro, Nashville, Atlanta, Washington, D.C., Chicago, St. Louis, Seattle, Portland, Spokane, and Salt Lake. Through this roll-up transaction any partnership between Prasad and Vamsi ended with respect to any entities involved in the roll-up.

Vivid NC did not participate in the January 2015 rollup transaction. In 2016, the owners of Vivid NC – Prasad, Vamsi, and now-dismissed defendants Vinay and Rohit – agreed to start a new Cosmos location in Dallas, Texas (Vivid Texas). Vivid Texas had no operating agreement and it was owned by NC LLC; Justh Holdings, Prasad's family holding company; Vinay, and Rohit.

After the 2015 rollup transaction, CGM Group and its subsidiaries began to purchase less product from DSG than had been purchased by previous entities. Prasad indicated that this was "the exact opposite" of his "original intent," which was to have a United States distributor which would be a consistent purchaser of granite from DSG. In October 2015, Prasad and Vamsi elected to end the partnership and in 2016 began to separate their interests, including "spinning off" the CGM Group subsidiaries. As part of the spinoff, Vamsi took a controlling interest in Cosmos Granite (East) and Cosmos Granite (DC). Prasad became the controlling owner of Cosmos Granite (West) and a newly formed entity called Cosmos Granite (South East), which included the Atlanta and Savannah locations. The facts surrounding the split of real estate and whether Prasad is owed a "true up" from Vamsi are in dispute. Prasad contends that because the Raleigh and Greensboro properties taken by Vamsi exceeded the value of the Atlanta property taken by Prasad, a "true up" was necessary because, despite the fact that all three properties were owned by Nallapati properties, it was understood between Vamsi and Prasad that they each owned a 50/50 share in the real estate.

3

In March 2020, Vivid NC sold its assets to a newly formed entity, Cosmos Charlotte, for what Prasad contends is less than fair market value. The members of Cosmos Charlotte are Vamsi, Vinay, and Rohit. Prasad further alleges that, without notice or his consent, Cosmos Charlotte spun out certain assets to another new entity, Cosmos Granite Charleston, which, along with Cosmos Charlotte, continues the business of Vivid NC but by attempting to deprive Prasad of his interests and the benefits thereof.

Effective January 1, 2021, Vinay, Rohit, and Vamsi, as a managing member of NC LLC, constituting a supermajority of the members of Vivid TX, merged Vivid TX into a new entity, Cosmos Granite Dallas, and Vivid TX ceased to exist. Prasad contends that he was not paid fair market value for his interests in Vivid TX as a result of this freeze-out merger.

Beginning in 2017, the cousins and their corporate entities have been engaged in a number of lawsuits regarding their business relationship. In January 2019, Prasad and Vamsi executed a settlement agreement which did not include their interests in NC LLC. At bottom, Prasad contends that his property, specifically his interests in the Vivid entities, has been taken without fair compensation. Prasad contends that Vamsi, along with Vinay and Rohit, manipulated the value of the Vivid entities' inventory in order keep the value of Prasad's interests far below what it should have been.

By order entered October 21, 2022, on joint motion of the parties, the Court dismissed defendants Vinay Bharadwaj and Rohit Gangwal after the parties discovered that their presence defeated complete diversity.

## DISCUSSION

I. Motions to compel.

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). The discovery "rules are to be given a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court also has substantial discretion to manage discovery. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). "The party resisting discovery bears the burden of showing why it should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010).

**A.** Vamsi defendants' third motion to compel discovery [DE 135] and fourth motion to compel discovery to determine sufficiency of plaintiffs' answers and objections to requests for admission [DE 139].

These motions were filed on March 4 and 9, 2022. Discovery in this matter closed on February 15, 2022. "Generally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006). Motions filed after the close of discovery, however, have been held to be untimely, in particular where there has been no showing as to why a late motion should be considered. *See Sager v. Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010); *Davenport v. Elks*, No. 5:13-CT-3203-BO, 2015 WL 7306446, at *3 (E.D.N.C. Nov. 19, 2015). In their motions, the Vamsi defendants have not demonstrated why they delayed seeking such information from plaintiffs until close to the close of the discovery period, which in this case had already been extended twice. Rather,

5

dispositive motions have already been filed and there has been no showing of good cause to reopen discovery at this stage in the proceeding. The motions are therefore DENIED.

**II.** Motion for summary judgment [DE 156].

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Having considered the record in the light most favorable to plaintiffs, as the Court must at this stage, there are plainly a number of material facts in dispute which prevent entry of summary judgment. The Court discusses only some of the specific grounds on which defendants seeks summary judgment below.

6

First, the Court agrees with plaintiffs that their claim for an accounting arising out of the Vivid transactions is timely. *See* N.C. Gen. Stat. § 59-52; *Bennett v. Anson Bank & Tr. Co.*, 265 N.C. 148, 153 (1965) ("As between the partners themselves the statute would not begin to run on the cause of action for an accounting until one partner had notice of the other's termination of the partnership *and his refusal to account*.") (emphasis added); *see also Morris Int'l, Inc. v. Packer*, 2021 NCBC LEXIS 16, *25 ("the statutory obligations placed on partners support the existence of a continuing fiduciary duty following dissolution, at least with respect to the protection of partnership assets and conducting a proper accounting and distribution."). Here, plaintiffs focus on "freeze-out" transactions which took place well-within three years of the filing of this suit. Plaintiffs' accounting claims are not time-barred.

Second, there remains a genuine issue of material fact as to whether Prasad and Vamsi were in a partnership under North Carolina law. "A partnership is an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36(a). North Carolina law recognizes partnerships based upon oral agreements as well as the conduct of the parties, which may be either express or implied. *Davis v. Davis*, 58 N.C. App. 25, 30 (1982). Evidence that a party has received a share of the profits of a business may be *prima facie* evidence that a partnership exists. *Williams v. Biscuitville, Inc.*, 40 N.C. App. 405, 407 (1979) (citing N.C. Gen. Stat. § 59-37). "There are two 'indispensable elements' for a partnership: 'sharing of any actual profits' and 'co-ownership of the business.'" *VRX USA, LLC v. VRX Ventures, Ltd.*, No. 3:20CV409-GCM, 2020 WL 7229672, at *5 (W.D.N.C. Dec. 8, 2020) (quoting *Wilder v. Hobson*, 398 S.E.2d 625, 627 (N.C. Ct. App. 1990)).

The summary judgment record contains ample evidence that Prasad and Vamsi agreed to be partners in the U.S. granite business, initially by starting Cosmos Granite and Marble. And the

7

Case 5:20-cv-00470-BO   Document 204   Filed 11/15/22   Page 7 of 13

record does not reflect, without drawing inferences in Vamsi's favor, that any partnership between Prasad and Vamsi was subsequently terminated with respect to the Vivid entities or the real estate held by Nallapati Properties. Indeed, property purchased with partnership funds "is partnership property," N.C. Gen. Stat. § 59-38(b), and the utilization of corporate entities to hold partnership property does not defeat the presence of a partnership. *See In re Vannoy*, 176 B.R. 758, 768 (Bankr. M.D.N.C. 1994) ("Under North Carolina law, there is no requirement that partnership property be held in the name of the partnership."). Vamsi's argument that the fact that he created corporate entities to hold business assets is sufficient to relieve him of partnership duties as a matter of law is without merit, and summary judgment in Vamsi's favor on this issue is not appropriate.

Because the Court determines that there are issues of material fact which prevent entry of summary judgment as to whether Prasad and Vamsi were in a partnership during the relevant time period, it denies summary judgment on Vamsi's alternative argument that in the absence of a partnership other grounds for finding a fiduciary duty do not exist. *See also S. Atl. Ltd. P'ship of Tennessee, L.P. v. Riese*, 284 F.3d 518, 533 (4th Cir. 2002) ("In order to allow the imposition of fiduciary duties where they are found justified, the North Carolina courts have historically declined to adopt a rigid definition of a fiduciary relationship; however, they have recognized that business partners are each others' fiduciaries as a matter of law."). The Court will further not permit summary judgment on plaintiffs' alternative claims for relief, for conversion and unjust enrichment, on this record.

At bottom, it is a matter for a jury to determine whether Prasad and Vamsi were engaged in a partnership and, if so, the status of their interests in the Vivid entities and real estate equity. If it is determined that a partnership did not exist, a jury may still determine that Prasad's property was taken without fair compensation based upon the other legal theories proffered by plaintiffs.

8

**III.** Motions to seal [DE 137, 142, 146, 163, 166, 169, 187].

"The common law presumes a right to inspect and copy judicial records and documents. The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal citations omitted). Where a party seeks to seal documents not in connection with dispositive motions, the common law presumption of access applies. *Id.* This right of access may be overcome by countervailing interests which heavily outweigh the public's interest in access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Where a party seeks to seal documents filed in connection with summary judgment, the "more rigorous" First Amendment standard applies. *Virginia Dep't of State*, 386 F.3d at 576. Under this standard, a court "may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* at 575 (internal quotation and citation omitted).

In considering a motion to seal, a court should provide the public with notice of the request to seal and support its decision by specific findings, including whether alternatives to sealing are appropriate. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

**A.** Motion to seal memorandum in support of motion to compel and exhibits attached thereto [DE 137].

The Vamsi defendants seek to seal confidential business records and information included in its third motion to compel memorandum and exhibits, exchanged in this matter pursuant to a protective order. Confidential business records have often been recognized as sufficient to outweigh the right to public access. *Rosinbaum v. Flowers Foods, Inc.*, No. 7:16-CV-00233-FL,

9

2020 WL 8617628, at *1 (E.D.N.C. Dec. 29, 2020). The motion to seal has been pending for some time and no member of the public has objected. Plaintiffs, moreover, do not object. In this instance, the Court finds that alternatives to sealing are not feasible and the motion to seal is GRANTED. However, the Vamsi defendants filed their motion to compel, as well as the memorandum in support, under seal. The motion to seal does not address why the motion to compel itself should be sealed. The motion to seal specifically requests that access be restricted to the brief in support of the third motion to compel as well as the attached exhibits. [DE 137 at 1]. The Clerk of Court is therefore DIRECTED to UNSEAL the Vamsi defendants' third motion to compel [DE 135] and recaption the docket entry as a Third Motion to Compel within five (5) days of the date of entry of this order, subject to a motion to seal the motion to compel at [DE 136] being filed.

**B.** Motion to seal Exhibit C attached to Vamsi defendants' brief in support of their fourth motion to compel [DE 142].

As discussed above, the common law right of access applies and confidential business materials, such as those at issue in this motion, are often recognized as sufficient to outweigh the public's right to access. A public motion to seal has been filed and no objection, by either the public or plaintiffs, has been filed. Moreover, the motion requests that the Court restrict access to one exhibit, rather than an entire brief or multiple exhibits, and is therefore narrowly tailored. This motion is GRANTED.

**C.** Motion to seal response to third motion to compel [DE 146] and Motion to seal plaintiffs' response to defendants' fourth motion to compel [DE 166].

With defendants' consent, plaintiffs seek leave to file their responses to defendants' third and fourth motions to compel under seal. Plaintiffs contend that the confidential business information contained in the responses outweighs the common law right to access. And, as above,

10

a motion to seal has been filed on the public docket and no objection has been filed. The Court grants this motion and allows plaintiffs' responses to be filed under seal. However, the Court requires redacted memorandums to be filed within ten (10) days of the date of entry of this order.

**D.** Consent motion for leave to file under seal [DE 163].

The Vamsi defendants noticed their filing under seal ten documents filed in support of their motion for summary judgment which have been designated by plaintiff as confidential under the terms of the consent protective order filed in this case. The Vamsi defendants also move to file under seal a January 2019 settlement agreement that designates the settlement terms as confidential, with plaintiffs' consent. Because these documents have been submitted in support of a motion for summary judgment, the First Amendment right of access has attached.

The January 2019 settlement agreement, related to case No. 5:18-CV-98-D (E.D.N.C.) will remain sealed. The terms of the settlement have been designated confidential and concern not only the parties to this action but third parties as well, who have not consented to filing the settlement agreement as a public document. The sensitive nature of the contents of the settlement agreement is sufficient to outweigh the First Amendment right to access. Moreover, redactions of the document would not achieve the countervailing interest in maintaining the terms of the settlement confidential, and no member of the public has appeared to dispute the necessity of maintaining the settlement agreement under seal. Additionally, the terms of the settlement were not filed in the earlier case, No. 5:18-CV-98-D, and thus are not otherwise available on the public docket. The Court has considered the relevant factors and grants the motion to seal the January 2019 settlement agreement.

**E.** Motion to seal the documents in defendants' notices of provisional filing under seal at DE 155 and 163 [DE 169] & Motion to seal plaintiffs' responses in opposition to defendants'

motions for summary judgment, their statements of fact, and voluminous exhibits filed in support [DE 187].

Through these motions, plaintiffs seek to seal a host of documents filed in support of the defendants' motions for summary judgment as well as documents filed in support of plaintiffs' opposition to summary judgment. The Vamsi defendants have responded to the motions to seal and plaintiffs have replied. As noted above, the First Amendment right to access has attached because these documents have been filed in support of motions for summary judgment.

Magistrate Judge Jones has recently ruled on several motions to seal in another matter pending in this Court involving these parties, and the matters sought to be sealed here appear to overlap with materials filed in the other case. *See* No. 5:20-CV-47-D (E.D.N.C. Oct. 28, 2022). Accordingly, the undersigned REFERS the motions to seal at [DE 169 and 187] to Magistrate Judge Jones for disposition.

## CONCLUSION

In summary, and for the foregoing reasons, the motions to compel [DE 135 & 139] are DENIED; the Vamsi defendants' motion for summary judgment [DE 156] is DENIED, and the motions to seal at [DE 137, 142, 146, 163, 166] are GRANTED. The Clerk of Court is DIRECTED to UNSEAL the Vamsi defendants' third motion to compel [DE 135] and recaption the docket entry as a Third Motion to Compel within five (5) days of the date of entry of this order, subject to a motion to seal the motion to compel at [DE 136] being filed. Plaintiffs shall file redacted versions of their memorandums in opposition to the third and fourth motions to compel within ten (10) days of the date of entry of this order.

The remaining motions to seal at [DE 169 and 187] are REFERRED to Magistrate Judge Jones for disposition. The case is further REFERRED to Magistrate Judge Jones to conduct a pretrial conference at his convenience.

SO ORDERED, this 14 day of November 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE