IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-470-BO

| | | |
|---|---|---|
| HARI HARA PRASAD NALLAPATY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| VAMSI MOHAN NALLAPATI, et al., | ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiffs' motions to seal. [DE-169, -187]. Defendants

responded to the motions, [DE-173, -190], and Plaintiffs filed replies, [DE-174, -194]. For the

reasons stated below, the motions to seal are allowed in part and denied in part.

I.      **Legal Standard**

"[T]he courts of this country recognize a general right to inspect and copy public records

and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before

sealing publicly filed documents, the court must first determine if the source of the public's right

to access the documents is derived from the common law or from the First Amendment. *Stone v.*

*Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of

access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of

access has been extended only to particular judicial records and documents[,]" such as those filed

in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing

*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post*

*Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *In re Application*, 707 F.3d at 291; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

Here, the documents sought to be sealed were filed in conjunction with summary judgment briefing. Accordingly, the First Amendment right of access applies. However, "[t]he mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Rushford*, 846 F.2d at 253 (citation omitted). "To overcome the First Amendment standard, sealing must be 'essential' to preserve important, higher interests," *BASF Plant Sci., LP v. Commonwealth Sci. &*

*Indus. Research Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at \*2 (E.D. Va. Aug. 15, 2019) (citation omitted), and "narrowly tailored to serve that interest," *Rushford*, 846 F.2d at 253. The "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532, 539–42 (2d Cir.1974)). The party seeking to deny access bears the burden. *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

## II.    Discussion

Plaintiffs seek an order sealing (1) Defendants' memoranda of law, [DE-149, -160], and statements of material facts, [DE-150, -161]; (2) excerpts from Prasad's deposition testimony, [DE-153, -162-9, -162-11, -183-2, -183-3][1]; (3) Defendants' responses to Plaintiffs' First Set of Interrogatories in the related case, [DE-154]; (4) Prasad's Affidavit, [DE-162-1]; (5) Vamsi's

---

[1] Plaintiffs misidentify Prasad's deposition transcripts as Docket Entries 154 and 155 and Justh's responses to Plaintiffs' First Set of Interrogatories in the related case as Docket Entry 156 in their motion to seal. [DE-169] at 1. Prasad's deposition transcript is at Docket Entry 153, Justh's responses to Plaintiffs' First Set of Interrogatories in the related case is at Docket Entry 154, Defendants' Notice of Provisional Filing Under Seal is at Docket Entry 155, and Defendants' Motion for Summary Judgment is at Docket Entry 156.

Declaration, [DE-162-2]; (6) UTS tax documents, [DE-162-3, -162-4]; (7) Emails from Prasad to Vamsi, [DE-162-5, -162-12]; (8) Letters re: Vivid Cosmos, [DE-162-6, -162-7]; (9) Plaintiffs' responses to Requests for Admissions, [DE-162-10]; (10) Plaintiffs' responses to Defendants' summary judgment motions, [DE-177, -178], and statements of material facts in opposition, [DE-179, -180]; (11) Prasad's Declaration, [DE-183-1]; (12) excerpts from Vamsi's deposition testimony, [DE-183-7, -183-8]; (13) excerpts from Deirdre Higgs deposition testimony, [DE-183-9]; (14) excerpts from Haresh Panchal deposition testimony, [DE-183-10]; (15) Declaration of Tiffany Couch and exhibits thereto, [DE-183-11 to -183-15]; (16) Declaration of Charles Wilhoite and exhibits thereto, [DE-183-16 to -183-21]; (17) Cosmos Tax Returns, [DE-184-1 to -184-6]; (18) Emails re: Accounts Receivable and Payable and Inventory, [DE-184-7]; (19) Emails re: Vivid financials, [DE-184-8, -184-9, -186-21]; (20) Email from Vamsi to Prasad, [DE-184-10]; (21) Report of the Independent Committee, [DE-184-11]; (22) Miscellaneous Business Emails, [DE-184-12, -184-14, -184-15, -185-1 to -185-8, -185-11, -185-18 to -185-21, -185-24, -186-3, -186-4, -186-19, -186-20]; (23) NVM Money Transfer, [DE-184-13]; (24) Vamsi's Personal Financial Statements, [DE-185-9, -185-10]; (25) Financial Spreadsheets, [DE-185-12 to -185-15]; (26) Email with Vivid Financials, [DE-185-16]; (27) Various Text Messages, [DE-185-17]; (28) Vivid Valuation Analysis, [DE-185-22]; (29) Forensic Accountants' Joint Report re: Settlement, [DE-185-23]; (30) Various emails between Vamsi and Prasad, [DE-186-1, -186-2, -186-5, -186-8, -186-9, -186-17]; (31) Agreement and Plan of Merger, [DE-186-10]; (32) Asset Purchase Agreement, [DE-186-11]; (33) Approval of Asset Sale, [DE-186-12]; (34) Merger Approval, [DE-186-13, -186-15]; (35) Approval of Asset Purchase Agreement, [DE-186-14]; (36) Agreement, [DE-186-16]; and (37) Letter re: Nallapati Properties Document Requests, [DE-186-18]. Plaintiffs contend these documents should be sealed to protect their business and privacy interests and to

4

prevent Vamsi from misusing the documents in a foreign litigation. Pls.' Mem. [DE-188] at 5–9; Pls.' Reply [DE-194]. Defendants contend that Plaintiffs have failed to meet their burden to demonstrate certain records should be sealed, and there are no grounds to believe Vamsi would misuse documents not sealed. Defs.' Resp. [DE-190] at 4–10.

Defendants do not oppose the sealing of the following documents: excerpts from Vamsi's deposition testimony, [DE-183-7]; excerpts from Deirdre Higgs deposition testimony, [DE-183-9]; excerpts from Haresh Panchal deposition testimony, [DE-183-10]; the Declaration of Tiffany Couch and exhibits thereto, [DE-183-11 to -183-15]; the Declaration of Charles Wilhoite and exhibits thereto, [DE-183-16 to -183-21]; Emails re: Accounts Receivable and Payable and Inventory, [DE-184-7]; Emails re: Vivid financials, [DE-184-8, -184-9, 185-16, -186-21]; the Report of the Independent Committee, [DE-184-11]; (22) Miscellaneous Business Emails, [DE-184-12, -184-15, -185-5, -185-8, -185-19 to -185-21, -185-24, -186-19, -186-20]; Vamsi's Personal Financial Statements, [DE-185-9, -185-10]; Financial Spreadsheets, [DE-185-12 to -185-15]; Various Text Messages, [DE-185-17]; Vivid Valuation Analysis, [DE-185-22]; Forensic Accountants' Joint Report re: Settlement, [DE-185-23]; Agreement and Plan of Merger, [DE-186-10]; Asset Purchase Agreement, [DE-186-11]; Approval of Asset Sale, [DE-186-12]; Merger Approval, [DE-186-13, -186-15]; Approval of Asset Purchase Agreement, [DE-186-14]; and Agreement, [DE-186-16]. *See* Defs.' Resp., Ex. A [DE-190-1] (listing exhibits they contend do not warrant sealing and thereby not challenging the sealing of the remaining exhibits). The public has been given sufficient notice of the request to seal these documents, and no objection has been filed. The documents contain confidential and sensitive business information, and Plaintiffs' right to protect this information outweighs the public's right to access. Furthermore, alternatives to

sealing are inadequate to protect the information. Accordingly, the motions to seal are allowed as to these documents.

Plaintiffs concede that trial transcripts and court orders, [DE-183-4 to -183-6, -186-6, -186-7], should be unsealed because they are publicly available documents. Accordingly, the Clerk shall unseal these documents.

The court has considered the remaining documents in light of each of the relevant factors,[2] including whether there are reasonable alternatives to sealing, and rules as follows:

### 1. Prasad's Affidavit and Deposition Excerpts [DE-153, -162-1, -162-9, -162-11, -183-1, -183-2, -183-3]

Prasad's affidavit and deposition excerpts contain both confidential sensitive business information that merits sealing and non-confidential information. The public has been given sufficient notice of the request to seal, and no objection has been filed other than by Defendants. The court has reviewed each of the documents and orders as follows:

- Excerpts from Prasad's February 22 and 23, 2022 deposition [DE-153, -162-9, -162-11, -183-2, -183-3]

The court previously ordered the filing of a redacted copies of these deposition transcripts in the related case, No. 5:20-CV-47-D, [DE-292, -295, -296]. 2022 WL 16541169, __ F. Supp.3d __ (E.D.N.C 2022). The court finds no reason to deviate from its prior ruling. Plaintiffs shall file the redacted transcripts in this case within fourteen (14) days, and upon the filing of the redacted copies the Clerk shall seal Docket Entries 153, 162-9, 162-11, 183-2, and 183-3. If Plaintiffs fail to timely file the redacted copies, the Clerk shall unseal the documents without further order.

---

[2] The court declines to seal documents based on the argument that Vamsi might misuse the information in a foreign litigation. The Amended Consent Protective Order, [DE-66], limits the use of confidential information for the prosecution or defense of this litigation or in *Nallapati v. Justh Holdings, LLC, et al.*, No. 5:20-CV-47-D (the "related case"), and therefore, sealing documents on this ground is not appropriate or necessary.

- Prasad's Affidavit and Supplemental Declaration [DE-162-1, -183-1]

This affidavit was first filed in support of a motion to compel, [DE-114], and was sealed by the court, [DE-122]. The court also sealed this affidavit in *Nallapati v. Justh Holdings, LLC*, No. 5:20-CV-47-D, when it was filed in support of a summary judgment motion. [DE-292]; 2022 WL 16541169. Having reviewed the affidavit again, the court finds that it should remain sealed. The court has also reviewed Prasad's supplemental declaration and finds that, on the whole, the information contained is sensitive commercial information that merits sealing. Accordingly, the Clerk shall seal Docket Entries 162-1 and 183-1.

## 2. Defendants' responses to Plaintiffs' First Set of Interrogatories [DE-154]

Plaintiffs ask the court to seal Justh Holdings, LLC's objections and responses to Vamsi's first set of interrogatories in the related case. These discovery responses were not designated as confidential, Plaintiffs do not specifically discuss them in their motion to seal or reply, and the court finds that the bulk of the information is already publicly available through the parties' pleadings or other public records, such as U.S. Trademark Applications and Registrations. Accordingly, this request to seal is denied. The document shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs to appeal this order, and if no appeal is taken Docket Entry 154 shall be unsealed without further order.

## 3. Vamsi's Declaration [DE-162-2] and Deposition Testimony [DE-183-8]

Plaintiffs ask the court to seal Vamsi's declaration and excerpts from his deposition testimony. Plaintiffs do not specifically discuss these documents in their motions to seal or replies, and they do not contain the type of detailed personal or financial information that merits sealing. Accordingly, this request to seal is denied. These documents shall maintain the proposed sealed

designation for fourteen (14) days to allow Plaintiffs to appeal, and if no appeal is taken Docket

Entries 162-2 and 183-8 shall be unsealed without further order.

## 4. UTS Holdings, LLC's Tax Documents [DE-162-3, -162-4], and the Cosmos Tax Returns [DE-184-1 to 184-6]

Plaintiffs ask the court to seal the 2015 and 2016 Schedule K-1s filed by UTS Holdings,

LLC and the Cosmos Tax Returns from 2009 to 2014. Defendants oppose sealing because they

contend the parties have referenced this information in other filings. The court has routinely found

that tax documents are the type of sensitive financial documents that merit sealing, *see, e.g.*, *Weber*

*v. Specialized Loan Servicing, LLC*, No. 5:20-CV-178-D, 2022 WL 1557374, at *2 (E.D.N.C. May

17, 2022) (citing *Bon Vivant Catering, Inc. v. Duke Univ.*, No. 1:13-CV-728, 2016 WL 7638284,

at *2 (M.D.N.C. June 14, 2016)), and the fact that some of the information has been referenced in

other public filings does not justify unsealing all the information contained therein. Accordingly,

Docket Entries 162-3, 162-4, and 184-1 to 184-6 shall remain sealed.

## 5. Emails from Prasad to Vamsi, [DE-162-5, -162-12]

Plaintiffs ask the court to seal two emails that contain information regarding the ownership

interest for tax purposes of certain entities and discussing the division of Cosmos. This is not the

type of sensitive personal or financial information that merits sealing, and it is not apparent how

disclosure of this information would harm Plaintiffs' business interests. While such information

may have been sealed in the past as part of a larger document, such as Prasad's affidavit or

transcript, on its own it does not merit sealing. Accordingly, this request to seal is denied. The

documents shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs

to appeal, and if no appeal is taken Docket Entries 162-5 and 162-12 shall be unsealed without

further order.

### 6. Letters re: Vivid Cosmos [DE-162-6, -162-7]

Plaintiffs ask the court to seal two letters between counsel for the parties regarding access to records and information. While the letters may reference documents that might contain sensitive financial information, there is no information in these letters themselves that merits sealing. Accordingly, this request to seal is denied. The documents shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs to appeal, and if no appeal is taken Docket Entries 162-6 and 162-7 shall be unsealed without further order.

### 7. Plaintiffs' responses to Requests for Admission [DE-162-10]

Plaintiffs ask the court to seal Plaintiffs' responses to requests for admission that relate to the existence of the alleged partnership between Prasad and Vamsi. Like the above letters, while the requests may reference documents that might contain sensitive financial information such as tax records, there is no information in the requests themselves that merits sealing. Most of the responses are merely objections to the requests and denials with little substantive information offered. Accordingly, this request to seal is denied. The document shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs to appeal, and if no appeal is taken Docket Entry 162-10 shall be unsealed without further order.

### 8. Email from Vamsi to Prasad [DE-184-10]

Plaintiffs ask the court to seal an email from Vamsi to Prasad that touches on a number of issues, including personnel matters and business matters unrelated to this litigation. While not all the information is sensitive, on the whole the court finds this document merits sealing, and Docket Entry 184-10 shall remain sealed.

9

9. **Miscellaneous Business Emails [DE-184-14, -185-1 to -185-4, -185-6, -185-7, -185-11, -185-18, -186-3, -186-4] and NVM Money Transfer [DE-184-13]**

Plaintiffs ask the court to seal a variety of business-related emails. Some of these emails contain sensitive business or financial information that merits sealing, while others do not contain such information and it is not apparent how the public disclosure of the documents would harm business interests. Accordingly, the request to seal these documents is allowed in part and denied in part as follows: Docket Entries 185-2, 185-6, 186-3, and 186-4 shall remain sealed, and Docket Entries 184-13, 184-14, 185-1, 185-3, 185-4, 185-7, 185-11, and 185-18 do not merit sealing but shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs to appeal, and if no appeal is taken they shall be unsealed without further order.

10. **Emails Between Prasad and Vamsi [DE-186-1, -186-2, -186-5, -186-8, 186-9, -186-17]**

Plaintiffs ask the court to seal various emails between Prasad and Vamsi. As with the other emails, some contain sensitive business or financial information that merits sealing, while others do not contain such information and it is not apparent how the public disclosure of the documents would harm business interests. Accordingly, the request to seal these documents is allowed in part and denied in part as follows: Docket Entries 186-1, 186-2, 186-8, and 186-9 shall remain sealed, and Docket Entries 186-5 and 186-17 do not merit sealing but shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs to appeal, and if no appeal is taken they shall be unsealed without further order.

11. **Letter re: Nallapati Properties LLC Document Requests [DE-186-18]**

Plaintiffs ask the court to seal a letter between opposing counsel regarding document requests to Vamsi regarding Nallapati Properties. The letter lists certain financial and tax documents disclosed to Prasad and certain documents Vamsi agreed to make available. While the

underlying information disclosed may be financially sensitive, the letter itself does not contain any sensitive business or financial information that merits sealing. Accordingly, this request to seal is denied. The document shall maintain the proposed sealed designation for fourteen (14) days to allow Plaintiffs to appeal, and if no appeal is taken Docket Entry 186-18 shall be unsealed without further order.

### 12. Defendants' Memoranda and Statements of Material Facts, and Plaintiffs' Responses [DE-149, -150, -160, -161, -177 to -180]

Plaintiffs ask the court to seal Defendants' Memoranda and Statements of Material Facts filed in connection with their summary judgment motions and Plaintiffs' responses thereto, which they contend contain sensitive personal or business information. Defendants filed redacted copies, [DE-157, -158] of one memorandum and statement of material facts, [DE-160, -161], but it does not appear that redacted copies were filed of the remaining documents, [DE-149. -150, -177 to -180]. Having reviewed each of the documents, the court finds that much of the information contained therein is not the type of sensitive personal or commercial information that merits sealing. Furthermore, not all the redactions are appropriate given the court's above rulings. Accordingly, the parties shall file within fourteen (14) days redacted copies of the memoranda, statements of material facts, and responses thereto, redacting only information that the court has determined merits sealing. Upon the filing of the redacted copies, the Clerk shall permanently seal Docket Entries 149, 150, 160, 161, and 177 to 180.

### III.   Conclusion

For the reasons stated above, the motions to seal are allowed in part and denied in part as follows:

11

(1) The following Docket Entries are sealed: 162-1, 162-3, 162-4, 183-1, 183-7, 183-9 to 183-21, 184-1 to 184-10, 184-11, 184-12, 184-15, 185-2, 185-5, 185-6, 185-8 to 185-10, 185-12 to 185-17, 185-19 to 185-24, 186-1 to 186-3, 186-4, 186-8 to 186-16, and 186-19 to 186-21;

(2) Defendants shall file publicly available, appropriately redacted copies of Docket Entries 149, 150, 153, 160, 161, 162-9, 162-11, 177 to 180, 183-2, and 183-3 within fourteen (14) days of the date of this order. Upon the filing of the redacted copies, the docket entries shall be sealed. Failure to timely file redacted copies shall result in the documents being unsealed without further order;

(3) Docket Entries 183-4 to 183-6, 186-6, and 186-7 are unsealed; and

(4) Docket Entries 154, 162-2, 162-5 to 162-7, 162-10, 162-12, 183-8, 184-13, 184-14, 185-1, 185-3, 185-4, 185-7, 185-11, 185-18, 186-5, 186-17, and 186-18 shall maintain the proposed sealed designation for fourteen (14) days to allow Defendants to appeal the finding that they do not meet the standard for sealing, and if no appeal is taken the docket entries shall be unsealed without further order.

So ordered, the 7th day of March, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge