IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-470-BO

| HARI HARA PRASAD NALLAPATY, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | **ORDER ON APPLICATION FOR COSTS** |
| VAMSI MOHAN NALLAPATI, et al., | ) | |
| Defendants. | ) | |

This matter is before the clerk on the application for costs [DE-245] filed by plaintiff Hari Hara Prasad Nallapaty ("plaintiff" or "Nallapaty"). Defendant Vamsi Mohan Nallapati ("defendant" or "Nallapati") has responded in opposition [DE-246], and plaintiff has replied [DE-249]. For the reasons set forth below, the application for costs is GRANTED in part.

## BACKGROUND

On September 2, 2020, plaintiff commenced this action against defendant seeking, *inter alia*, an accounting for his interest in their partnership [DE-1]. On May 10, 2023, after a three-day trial, the jury rendered a verdict, finding that a partnership existed between plaintiff and defendant, and that plaintiff was entitled to recover $490,000.00 in damages from defendant [DE-239]. The clerk entered judgment in favor of plaintiff that same day [DE-240].

Plaintiff subsequently filed the application for costs [DE-245] and a motion to alter or amend the judgment to include prejudgment and postjudgment interest [DE-247]. Defendant filed responses in opposition to both motions arguing, *inter alia*, that plaintiff should not be considered a prevailing party. On October 10, 2023, the presiding judge rejected that argument

as to the issue of the award of prejudgment interest, and granted plaintiff's motion to alter or amend the judgment [DE-259].

## DISCUSSION

Plaintiff seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

Defendant opposes plaintiff's application for costs, contending that plaintiff is not a prevailing party and that certain discrete items are not taxable. As to the former, the presiding judge has determined that plaintiff is a prevailing party. See October 6, 2023, Order [DE-259]. The clerk will address the latter in connection with each category of costs.

Plaintiff seeks $400.00 in costs for fees of the clerk pursuant to § 1920(1); $27,802.96[1] for fees for printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2); and (3) $6,975.58 in witness fees pursuant to § 1920(3). The first claimed cost is properly supported and allowed in full.

Defendant challenges portions of plaintiff's second claimed costs—fees for printed or electronically recorded transcripts necessarily obtained for use in the case—on two bases. First,

---

[1] This sum includes (1) $25,981.21 in transcript fees listed on the application for costs; (2) $1,168.00 in fees for the transcripts of day 1 of the trial, listed on the application for costs as "other costs;" and (3) $653.75 in fees for the transcripts of days 2 and 3 of the trial, as set forth in the declaration of plaintiff's counsel attached to the reply [DE-249-1].

2

defendant contends that any costs for video depositions should be disallowed because video depositions were precluded from use at the trial by the order of the presiding judge. To tax a transcript cost, the transcript must be "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and the transcribed deposition or testimony must be "reasonably necessary at the time of its taking," LaVay Corp. v. Dominion Federal Savings & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Here, the claimed transcripts were of depositions of persons who ultimately testified at trial or were read into the record at trial, which satisfies this standard. As to the claimed costs for the video depositions, in this district, where a party notices a deposition to be recorded by both electronic and stenographic means and the other party raises no objection at that time, the court will award the costs of both recordings. See Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012). Accordingly, defendant's objection to the costs of the video depositions is not sustained.

Defendant's also objects to plaintiff's claimed costs for transcript fees because it includes changes for expedited processing. Plaintiff concedes that the cost of expedited processing is not recoverable, and proffers that $2,115.59[2] should not be awarded as part of the costs for transcripts. The invoices submitted by plaintiff, however, also include charges for deposition exhibits and litigation support packages. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012

---

[2] Specifically, counsel for plaintiff stated that the costs for obtaining the subject deposition transcripts on an expedited basis was $5,868.19, while delivery on a normal basis would have been $3,752.60. See Decl. of William A. Robertson [DE-249-1] at ¶ 4.

WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll., No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, claimed costs in the amount of $1,592.50[3] are disallowed. The remaining costs in the amount of $24,094.87 are allowed.

Finally, plaintiff seeks costs in the amount of $6,975.58 for witness fees pursuant to § 1920(3). Defendant challenges the request for witness fees, arguing that plaintiff seeks fees for witnesses whose testimony were proffered in support of unsuccessful claims, or whose testimony was necessarily rejected by the jury at trial. These equitable arguments go beyond the clerk's authority in ruling a motion for bill of costs. See Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2006 (2012) (describing the taxation of costs by the clerk as a "clerical matter"). Defendant may raise these equitable arguments in a motion for the court to review the taxation of costs pursuant to Fed. R. Civ. P. 54(c).

With regard to witness fees, Local Civil Rule 54.1(c)(1)(a) provides that items normally taxed include: "actual mileage, subsistence, and attendance allowances for necessary witnesses at actual costs, but not to exceed the applicable statutory rates, whether they reside in or out of the district." The applicable statutory rate in this instance is supplied by 28 U.S.C. § 1821. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987) ("The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821.").

Section 1821 provides, in pertinent part:

---

[3] The disallowed costs include the following charges for the depositions of Brian Burns and Vinay Bharadwaj, respectively: (1) exhibits ($67.50 and $30.00); (2) exhibit share ($345.00 and $345.00); (3) Veritext exhibit package ($48.50 and $50.50); (4) litigation package-secure file suite ($48.00 and $48.00); and (5) Veritext virtual primary participants ($295.00 and $315.00).

4

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition . . . shall be paid the fees and allowances provided by this section.
>
> . . .
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed . . . for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.
> . . .
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.
> (2) A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services . . . .

<u>Id.</u> Accordingly, any taxation of witness fees cost is prescribed by the limits set forth in § 1821.

The trial in this action was held in Elizabeth City, North Carolina, from May 8, 2023 through May 10, 2023. The applicable per diem rate for Elizabeth City, North Carolina, for those dates was $98 for lodging and $59 for meals and incidental expenses, with $44.25 being allowed for the first and last days of travel. See <u>FY 2023Per Diem Rates for Elizabeth City, North Carolina,</u> https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2023&state=NC&city=Elizabeth%20City&zip= (last visited November 2, 2023). Although plaintiff has not submitted receipts, he has submitted

5

Case 5:20-cv-00470-BO   Document 261   Filed 11/22/23   Page 5 of 6

other evidence of the actual costs of the witnesses' lodging, subsistence, and airfare costs, but no specification of mileage for each witness. In the absence of a specific objection by defendant to these costs, the plaintiff is allowed the costs for witness fees, as set forth in the table below:

| Witness | Statutory Fee | Lodging | Subsistence | Airfare |
|---|---|---|---|---|
| Tiffany Couch | $200.00 | $392.00 (4 nights of lodging) | $265.60 | $1,501.93 |
| Charles Wilhoite | $200.00 | $392.00 (4 nights of lodging) | $265.60 | $1,445.39 |
| Robert Ryan | $120.00 | $196.00 (2 nights of lodging) | $147.50 | |
| Michael Watts | $120.00 | $196.00 (2 nights of lodging) | $147.50 | |
| **Totals** | $640.00 | $1,176.00 | $826.20 | $2,947.32 |

Total costs in the amount of $5,589.52 pursuant to § 1920(3) are allowed.

## CONCLUSION

In summary, defendant's application for costs [DE-245] is GRANTED in part. As the prevailing party in this action, plaintiff Hari Hara Prasad Nallapaty is awarded (1) $400.00 in costs for fees of the clerk pursuant to § 1920(1); $24,094.87 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2); and (3) $5,589.52 in witness fees pursuant to § 1920(3). Total costs in the amount of $30,084.39 are taxed against defendant and shall be included in the judgment.

SO ORDERED. This the __21__ day of November, 2023.

_____
Peter A. Moore, Jr.
Clerk of Court